T.C. Memo. 2012-285

UNITED STATES TAX COURT

FRANCES WHITAKER HARRINGTON, n.k.a. FRANCESCA ELAINE BLOOM, Petitioner, AND KIRK J. HARRINGTON, Intervenor <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25927-10.                               Filed October 4, 2012.

Francesca Elaine Bloom, pro se.

Kirk J. Harrington, pro se.

<u>Timothy B. Heavner</u> and <u>Aaron D. Gregory</u>, for respondent.

**[\*2]**         MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Chief Judge</u>:  The issue for decision is whether for 2007

petitioner is entitled to partial relief from joint and several liability under section

6015(c), as respondent has determined.[1]

FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate by this

reference.

Petitioner and Kirk J. Harrington (intervenor) married in 1993.  He moved out

in 2006.  They divorced in 2010.  Petitioner works for the Department of Defense,

and in 2006 she began deploying to Iraq and Afghanistan several times a year.

Throughout their marriage petitioner and intervenor filed joint Federal income

tax returns.  In 2008 petitioner, while in the United States, prepared the couple's

joint return for tax year 2007 after discussing it with intervenor.  With his approval,

petitioner electronically filed the joint return using TurboTax software.  She informed

intervenor that the return had been filed and that a refund had been deposited into the

couple's joint bank account.

---

[1]All section references are to the Internal Revenue Code, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

[*3]   Respondent issued petitioner and intervenor a notice of deficiency for tax year 2007, determining that certain income items were not reported on the joint return.[2] Neither petitioner nor intervenor contested the notice of deficiency, and respondent assessed the proposed deficiency along with related penalties and interest.

On April 29, 2010, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, with respect to tax year 2007.  On October 18, 2010, respondent issued a final determination granting petitioner partial innocent spouse relief for tax year 2007 under section 6015(c).  Apparently about the same time intervenor also requested innocent spouse relief with respect to tax year 2007 and was also granted partial relief under section 6015(c).[3]

---

[2]Although the record does not contain this notice of deficiency, respondent asserts, and the other parties have not disputed, that in the notice of deficiency respondent determined that intervenor failed to report $95 of interest income from Wachovia Bank, $20,658 of Social Security income from the Social Security Administration, $3,271 of miscellaneous income from American Bankers Insurance Co., $329 of taxable dividends from First Clearing, LLC, and $1,458 in retirement income from the U.S. Office of Personnel Management Civil Service Retirement System.  Respondent determined that petitioner failed to report $2 in interest income from Wachovia Bank and $228 of interest income from USAA Federal Savings Bank.

[3]Although the record does not specify when intervenor requested and was granted relief, the record does contain an Internal Revenue Service tax examiner's workpaper, dated August 4, 2010, recommending that intervenor be granted partial relief under sec. 6015(c).

**[*4]**   On November 22, 2010, while residing in Virginia, petitioner petitioned this Court seeking judicial review of respondent's determination that she was entitled to only partial relief from joint and several liability.  On January 28, 2011, while residing in Virginia, intervenor filed his notice of intervention; contrary to Rule 325(b), the notice of intervention did not state the grounds for intervention.  On the day of trial, intervenor filed a supplemental notice of intervention, stating as the ground of intervention that petitioner had filed the 2007 return in question without his knowledge and with incorrect information.

OPINION

In this proceeding petitioner no longer disputes respondent's determination that she is entitled to partial relief under section 6015(c).  To the contrary, in a posttrial status report she requests the Court to "validate the IRS determination".  Intervenor, however, continues to dispute respondent's determination that petitioner is entitled to relief.  For the reasons explained below, we reject intervenor's contentions.

Generally, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After doing so, each spouse is jointly and severally liable for the entire tax due on their aggregate income.  Sec. 6013(d)(3).  An individual may seek relief from joint and several liability under section 6015, which offers three

**[\*5]** avenues of possible relief under subsections (b), (c), and (f). Respondent has granted petitioner partial relief under section 6015(c), which generally provides for proportionate tax relief to divorced or separated taxpayers who elect such relief with respect to a deficiency if: (1) the spouses made a joint return; (2) at the time the election was made the spouses were legally separated, divorced, or had not been members of the same household at any time during the previous 12 months; (3) the election for relief was made after a deficiency was asserted but no later than two years after the Commissioner began collection activities; and (4) the deficiency remains unpaid. Stergios v. Commissioner, T.C. Memo. 2009-15; sec. 1.6015-3(c)(1), Income Tax Regs.

When a requesting spouse meets these requirements, the items giving rise to the deficiency are allocated as if the spouses had filed separate returns. Sec. 6015(d)(3)(A). Relief under section 6015(c) may be denied where there is evidence showing that the requesting spouse had "actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency * * * which is not allocable to such individual". Sec. 6015(c)(3)(C).[4]

---

[4]Relief may also be denied in certain situations involving fraud. See sec. 6015(c)(3)(A)(ii), (d)(3)(C).

**[\*6]** At trial intervenor contended that petitioner fails requirement (2) because he was living with her when the return was filed and when she filed her Form 8857. Petitioner disputed this testimony and testified that intervenor had moved out in 2006. We found petitioner to be the more credible witness, and her testimony is supported by the decree of divorce dated May 13, 2010, which states that petitioner and intervenor "have lived separate and apart for more than one year, namely since November 2006, without any cohabitation and without interruption". Consequently, we find that when petitioner made the election for relief on April 29, 2010, she and intervenor had not been members of the same household at any time during the previous 12 months.[5]

Intervenor also argues that petitioner is ineligible for relief under section 6015(c) because she knew of the items giving rise to the deficiency when she signed the 2007 return. Under section 6015(c)(3)(C) we look for "an actual and clear awareness (as opposed to reason to know) of the existence of an item which

---

[5]Because of this finding, we need not decide whether petitioner and intervenor were legally separated at the time of petitioner's election. Cf. sec. 1.6015-3(b)(2), Income Tax Regs. (providing that a determination of whether a requesting spouse is legally separated for this purpose is to be made in accordance with sec. 7703 and the regulations thereunder); sec. 1.7703-1(a), Income Tax Regs. (referring to a spouse "legally separated under a decree of divorce or separate maintenance").

**[\*7]** gives rise to the deficiency (or portion thereof)." <u>Cheshire v. Commissioner</u>, 115 T.C. 183, 195 (2000), <u>aff'd</u>, 282 F.3d 326 (5th Cir. 2002). If an item of income is omitted, the requesting spouse must have knowledge of the income, which includes knowledge of the receipt of the income. Sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs. We do not infer actual knowledge from a mere reason to know of the omitted income. Sec. 1.6015-3(c)(2)(iii), Income Tax Regs.

Petitioner testified that she was deployed in Afghanistan for most of 2007 and did not know about intervenor's unreported income. She testified that intervenor kept the unreported income in bank accounts of which she lacked knowledge and that she found out about this income only during the course of their divorce. By contrast, intervenor testified vaguely that petitioner knew he had received the unreported income and that they had used the money to take a trip; he did not, however, support this testimony with any other evidence. With respect to this issue as with respect to other issues generally, we found petitioner to be the more credible witness. On this record we find that petitioner lacked actual and clear awareness of intervenor's unreported income.

Finally, and most fundamentally, intervenor contends that petitioner is not entitled to relief because he did not file a 2007 joint return with her. He argues that petitioner filed the return without his knowledge or approval.

**[*8]** Whether an income tax return is a joint or separate return of a husband and/or a wife is a question of fact. Heim v. Commissioner, 27 T.C. 270 (1956), aff'd, 251 F.2d 44 (8th Cir. 1958); see Jones v. Commissioner, 327 F.2d 98 (4th Cir. 1964), rev'g on other grounds 39 T.C. 734 (1963). To file jointly both spouses must intend to make a joint return. See Lane v. Commissioner, 26 T.C. 405, 408-409 (1956); Weber v. Commissioner, T.C. Memo. 1995-125. In evaluating intent, this Court has considered whether the nonsigning spouse filed a separate return, whether the nonsigning spouse objected to the joint filing, and whether prior filing history indicates an intent to file jointly. See, e.g., Estate of Campbell v. Commissioner, 56 T.C. 1 (1971); Heim v. Commissioner, 27 T.C. at 274; Howell v. Commissioner, 10 T.C. 859, 866 (1948), aff'd per curiam, 175 F.2d 240 (6th Cir. 1949). If an intent to file a joint return otherwise exists, it is not fatal that one spouse did not sign the return. Hennen v. Commissioner, 35 T.C. 747, 748 (1961).

Petitioner testified credibly that on one of intervenor's regular visits to her home in 2008 she discussed with him the preparation and filing of a joint return for 2007 and that he agreed to the joint filing. Although he disputed this testimony, intervenor also testified that he and petitioner filed their tax return "together with everything on it every year", which we take to mean that they filed joint returns every year that they were married. Although intervenor contends that he did not

**[*9]** intend to file a joint return for 2007, this contention is hard to square with his testimony that in 2008 he filed an amended 2007 joint return, a copy of which he offered into evidence.  Moreover, intervenor requested and was granted relief under section 6015, which relief is predicated on the filing of a joint return.  On this record we find that intervenor and petitioner filed a joint return for 2007.

Finding intervenor's various arguments to be without merit, we sustain respondent's determination that petitioner is entitled to partial relief under section 6015(c).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.