**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-32


UNITED STATES TAX COURT


RONALD ARTHUR RASCHKE, Petitioner, AND
SUSANNAH JULIETTE RASCHKE, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2279-13S.                    Filed April 7, 2014.


Ronald Arthur Raschke, pro se.

Susannah Juliette Raschke, pro se.

<u>Alicia A. Mazurek</u>, for respondent.


SUMMARY OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463(f)(1) of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

By final notice of determination dated December 18, 2012, respondent denied petitioner's claim for relief from joint and several liability with regard to Federal income tax for 2009.  Petitioner timely filed a petition with this Court under section 6015(e) for review of respondent's determination.  Thereafter, petitioner's former spouse filed a notice to intervene pursuant to Rule 325(b) to oppose any relief to petitioner under section 6015.

The sole issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015 for 2009.[2]

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] At trial petitioner and respondent stipulated that petitioner is entitled to partial relief, i.e., for the portion of the tax deficiency attributable to the unreported income of intervenor.  Petitioner argues that he should be granted full relief, i.e., not only for the portion of the tax deficiency attributable to intervenor's unreported income but also for the portion attributable to his own unreported income.  In contrast, intervenor argues that petitioner should not be granted any relief whatsoever.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in the State of Michigan when the petition was filed.

Petitioner and intervenor were married in 1996. Sometime during their marriage, petitioner was diagnosed with chronic obstructive pulmonary disease (COPD) and emphysema and retired from working as a truck driver. Subsequently, petitioner applied for and began receiving Social Security disability benefits.

During 2009 petitioner received Social Security disability benefits. Also during 2009 petitioner maintained an individual retirement account (IRA) and received taxable distributions of $5,124.

During 2009 intervenor received income from working as a sales clerk for Meijer, Inc., a local retail store. She also received income of $4,264 from delivering newspapers for The Salesman, Inc., a publisher of a weekly community newspaper covering items of local interest. At all relevant times petitioner knew that intervenor worked as a sales clerk and delivered newspapers and that she derived income from those activities.

During their marriage and for tax years before 2009 petitioner and intervenor always filed joint income tax returns. In that regard their practice was to prepare the return by sitting down together at home in front of the computer with intervenor entering the data using return preparation software and then filing the return electronically.

On January 25, 2010, a joint income tax return for petitioner and intervenor was filed electronically from petitioner's residence for the 2009 tax year. The return did not report petitioner's IRA distributions, nor did it report intervenor's income from The Salesman, Inc.

The 2009 return claimed a refund of $2,212. A Form 8888, Direct Deposit Of Refund To More Than One Account, was attached to the return. Pursuant to that form, one portion of the claimed refund, $1,462, was deposited into a bank account maintained solely by intervenor, and the remaining $750 was deposited into another bank account also maintained solely by intervenor. Neither of these accounts belonged to or could be accessed by petitioner.

By late January 2010 petitioner became aware that the 2009 tax return did not report the distributions from his IRA or intervenor's income from The Salesman, Inc. Petitioner did not at any time attempt to file a separate return,

amend the 2009 purported joint return, contact the IRS, or seek professional tax advice.

In May 2010 intervenor filed for divorce from petitioner. The divorce was finalized in February 2011. The divorce decree did not include any provision that either petitioner or intervenor had the legal obligation to pay any outstanding tax liability.

In April 2011 respondent issued a notice of deficiency to petitioner and intervenor for 2009. Neither petitioner nor intervenor filed a petition with this Court in response to the notice, and in due course the deficiency was assessed against both of them.

In 2011 petitioner remarried. Petitioner's new wife is a nursing student. In addition, his stepdaughter lives with the couple, and he supports the household.

Petitioner receives approximately $24,000 per year, which amount includes his Social Security disability benefits as well as income from part-time employment as a parts inspector. Petitioner's ability to find work has been negatively affected by his COPD and emphysema, as his lung capacity on the date of trial was only about 14%.

In November 2011 petitioner filed a Form 8857, Request For Innocent Spouse Relief, for the 2009 tax year. Respondent issued a final determination in

December 2012 denying petitioner's request for relief. Petitioner then filed a timely petition with this Court in January 2013.

Intervenor filed a notice of intervention in March 2013 in which she contends that petitioner should not be granted relief from joint and several liability.

As previously noted, petitioner and respondent stipulated at trial that petitioner is entitled to partial relief, i.e., for the portion of the tax deficiency attributable to intervenor's unreported income from The Salesman, Inc. Petitioner argues that he should also granted relief for the portion of the tax deficiency attributable to his unreported income from his IRA distributions. In contrast, intervenor argues that petitioner should not be granted any relief whatsoever.

## Discussion

Married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Generally, each spouse filing the return is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). Pursuant to section 6015, however, a taxpayer may seek relief from joint liability.

Petitioner contends that he is entitled to relief from joint and several liability pursuant to section 6015(b), (c), or (f). Generally, the spouse requesting relief bears the burden of proof. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306,

311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004). However, to the extent that the Commissioner is no longer an adverse party to the taxpayer (here as to the portion of the tax deficiency attributable to intervenor's unreported income from The Salesman, Inc.) and the intervenor opposes relief, the burden of proof would presumably shift to the intervenor. See Stergios v. Commissioner, T.C. Memo. 2009-15, 2009 WL 151485, at *4 (citing King v. Commissioner, 115 T.C. 118 (2000), and Corson v. Commissioner, 114 T.C. 354, 363 (2000)). We need not decide whether the burden of proof shifts to intervenor in the instant case because we decide the issues by a preponderance of the evidence. See Stergios v. Commissioner, T.C. Memo. 2009-15; see also Porter v. Commissioner, 132 T.C. 203, 210 (2009) (holding that in reviewing the Commissioner's determination under section 6015(b), (c), or (f), the Court applies a de novo standard of review as well as a de novo scope of review).

I. Joint Federal Income Tax Return for 2009

Section 6013(a) provides that a husband and wife may file a joint income tax return.[3] Generally, a joint income tax return must be signed by both spouses. Sec. 1.6013-1(a)(2), Income Tax Regs.

_____

[3] Because their divorce was not finalized until 2011, petitioner and intervenor were eligible to file a joint return for 2009.

Petitioner argues that he is not liable for tax arising from the 2009 purported joint return because it is not his return. Petitioner claims that because intervenor filed the return without his knowledge or consent and without his signature, he never acquiesced to the filing of the return. Intervenor claims that petitioner was present while she prepared the return and then filed it but that he did not give her information regarding his IRA distributions for the year.

Whether an income tax return is a joint return or a separate return of the other spouse is a question of fact. Harrington v. Commissioner, T.C. Memo. 2012-285, at *8 (citing Heim v. Commissioner, 27 T.C. 270 (1956), aff'd, 251 F.2d 44 (8th Cir. 1958)) (involving an electronically filed return). The determinative factor in deciding whether a filed return qualifies as a joint return is whether a husband and wife intended to file a joint return. Ziegler v. Commissioner, T.C. Memo. 2003-282, 2003 WL 22255664, at *3 n.4 (citing Stone v. Commissioner, 22 T.C. 893 (1954)). In evaluating intent, this Court has considered whether the nonsigning spouse filed a separate return, whether the nonsigning spouse objected to the joint filing, and whether the prior filing history indicates an intent to file jointly. Harrington v. Commissioner, at *8.

Although the Commissioner's determination of "jointness" generally has a presumption of correctness and the taxpayer has the burden of proving it wrong,

Welch v. Helvering, 290 U.S. 111, 115 (1933), in the case of a spouse who does not sign a purported joint return the presumption is removed and the burden of producing additional evidence that a joint return was filed shifts to the Commissioner. O'Connor v. Commissioner, 412 F.2d 304, 309 (2d Cir. 1969), aff'g in part, rev'g in part T.C. Memo. 1967-174; Carrick v. Commissioner, T.C. Memo. 1991-502.

There is an exception to the general rule that, to have a valid joint return, the return must be signed by both taxpayers. This exception holds that if an "income tax return is intended by both spouses as a joint return, the absence of the signature of one spouse does not prevent their intention from being realized." Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971). The rule is generally applied when one spouse signs a joint return (usually for both spouses) and it is shown that the other spouse has tacitly consented to the joint return filing. This is commonly referred to as the tacit consent rule. See, e.g., Hennen v. Commissioner, 35 T.C. 747, 748 (1961); Reifler v. Commissioner, T.C. Memo. 2013-258, at *15; Harris v. Commissioner, T.C. Memo. 1961-324.

Accordingly, although the ultimate burden of proof remains with the taxpayer, the Commissioner bears the burden of going forward with evidence from which the Court could conclude that the nonsigning spouse intended to file the

purported joint return.  Esposito v. Commissioner, T.C. Memo. 1991-262 (citing

Douglass v. Commissioner, T.C. Memo. 1984-369).

Respondent has satisfied his burden of production.  First, petitioner did not

file (or even inquire whether he was required to file) a separate return for 2009,

even though he had income from Social Security disability benefits and from IRA

distributions.  Second, petitioner and intervenor had historically filed their Federal

income tax returns as "married filing jointly".  Third, by late January 2010

petitioner knew that an electronic return had been filed, but he did not attempt to

disavow it.  Finally, petitioner never attempted to amend such return, nor did he

seek professional tax advice.  Instead petitioner tacitly consented to the joint

return.  In light of these facts, petitioner has not satisfied his burden of

establishing that he did not intend to file a joint return with intervenor.

Consequently, the return filed for 2009 is a valid joint return.  The fact that the

return was signed electronically does not alter this conclusion.  See, e.g.,

Harrington v. Commissioner, T.C. Memo. 2012-285.

## II.  Relief Under Section 6015

As previously stated, when a husband and wife elect to file a joint Federal

income tax return pursuant to section 6013(a), each spouse becomes jointly and

severally liable for the tax due on the spouses' aggregate income.  See sec.

6013(d)(3). Nevertheless, an individual who has made a joint return may elect to seek relief from joint and several liability under subsections (b), (c), and (f) of section 6015. Sec. 6015(a), (f). Such relief may, or may not, be available depending on the particular facts and circumstances of the individual's situation.

A. Relief Under Section 6015(b) and (c)

To qualify for relief pursuant to section 6015(b), the requesting spouse must establish that: (1) A joint return was filed; (2) there was an understatement of tax attributable to erroneous items of the nonrequesting spouse; (3) at the time of signing the return, the spouse seeking relief did not know and did not have reason to know of the understatement; (4) the requesting spouse sought relief within two years of the first collection activity relating to the liability; and (5) taking into account all the facts and circumstances, it is inequitable to hold the spouse seeking relief liable for the deficiency in tax attributable to the understatement. Sec. 6015(b)(1).

Section 6015(c)(3) permits a requesting spouse to seek relief from joint or several liability by electing to allocate to the nonrequesting spouse the portion of a deficiency attributable to the nonrequesting spouse if the following conditions are satisfied: (1) A joint return was filed; (2) at the time of the election, the requesting spouse was separated or divorced from the nonrequesting spouse or had not been a

member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date of the request for relief; (3) the requesting spouse sought relief within two years of the first collection activity; and (4) the requesting spouse did not have actual knowledge, at the time of signing the return, of the nonrequesting spouse's item giving rise to the deficiency.[4]

As discussed above, petitioner and intervenor filed a valid joint Federal income tax return for 2009. At the time that the return was signed, petitioner knew that intervenor received income in 2009 from The Salesman, Inc., for delivering newspapers, and he learned within a few days thereafter that the return did not include that income. Accordingly, petitioner is not entitled to relief pursuant to section 6015(b) or (c) from the 2009 liability attributable to the unreported income allocable to intervenor.

B. Equitable Relief Under Section 6015(f)

A requesting spouse who is unable to qualify for relief pursuant to section 6015(b) or (c) may nonetheless avoid joint and several liability if, taking into account all of the facts and circumstances, it is inequitable to hold that individual liable for any unpaid tax or deficiency. Sec. 6015(f)(1) and (2). Where the

---

[4] An election is invalid if the Commissioner demonstrates that assets were transferred between individuals filing a joint return as part of a fraudulent scheme by such individuals. Sec. 6015(c)(3)(A)(ii).

Commissioner denies a requesting spouse equitable relief under section 6015(f), such individual may petition the Court to determine the appropriate relief available. Sec. 6015(e)(1)(A). Our statutory charge under section 6015 is to decide whether a taxpayer is entitled to equitable relief on the basis of all the facts and circumstances. Sriram v. Commissioner, T.C. Memo. 2012-91. We decide de novo whether equitable relief is warranted under section 6015(f). Porter v. Commissioner, 132 T.C. at 210.

Pursuant to his grant of authority under section 6015(f), the Commissioner has established guidelines for determining whether an individual qualifies for equitable relief. Rev. Proc. 2013-34, 2013-43 I.R.B. 397, modifying and superseding Rev. Proc. 2003-61, 2003-2 C.B. 296.[5] The Court considers these guidelines in light of the attendant facts and circumstances to decide whether equitable relief is appropriate, but the Court is not bound by them. Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Sriram v. Commissioner, T.C. Memo. 2012-91.

---

[5] Rev. Proc. 2013-34, 2013-43 I.R.B. 397, modifies and supersedes Rev. Proc. 2003-61, 2003-2 C.B. 296, and is effective for requests for relief filed on or after September 16, 2013, or for requests for equitable relief pending on September 16, 2013, whether with the IRS, its Office of Appeals, or in a case docketed in a Federal court. Rev. Proc. 2013-34, sec. 7, 2013-43 I.R.B. at 403.

The guidelines begin by establishing threshold requirements that, the Commissioner contends, must be satisfied before an equitable relief request may be considered. Rev. Proc. 2013-34, sec. 4.01, 2013-43 I.R.B. at 399-400. The threshold requirements are: (1) The spouse filed a joint return for the taxable year for which the spouse seeks relief; (2) relief is not available to the spouse under section 6015(b) or (c); (3) the claim for relief is timely filed; (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent tax return; and (7) with several exceptions,[6] the tax liability from which the spouse seeks relief is attributable to an item of the nonrequesting spouse. Id. If the liability is partially attributable to the requesting spouse, then relief can be considered only for the portion of the liability attributable to the nonrequesting spouse. Id.

A requesting spouse that satisfies the threshold conditions listed above must then demonstrate that equitable relief is appropriate under certain factors. Id. secs.

_____

[6] These exceptions are: (1) Attribution solely due to the operation of community property law; (2) nominal ownership; (3) misappropriation of funds intended for the payment of tax; (4) abuse; and (5) fraud committed by the nonrequesting spouse as the reason for the erroneous item. Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400.

4.02 and 4.03, 2013-43 I.R.B. at 400.  If the requesting spouse then satisfies the so-called streamlined conditions under Rev. Proc. 2013-34, sec. 4.02, relief will be granted.  If, however, relief is not available under Rev. Proc. 2013-34, sec. 4.02, then the Commissioner will look to the facts and circumstances as set forth in Rev. Proc. 2013-34, sec. 4.03, 2013 I.R.B. at 400-403, to determine whether relief from joint and several liability is available to the requesting spouse.

Respondent concedes that petitioner meets the first six conditions in respect of the entire tax deficiency.[7]  Respondent also concedes that petitioner satisfies the seventh condition in respect of the portion of the tax deficiency attributable to intervenor's unreported income from The Salesman, Inc.  However, respondent argues that petitioner fails the seventh condition in respect of the remaining portion of the tax deficiency because it is attributable to his unreported income from his IRA distributions.  It is thus petitioner's burden to establish that he meets an exception to this threshold requirement.  See Rule 142(a).  In addition, intervenor argues that petitioner is not entitled to relief from joint and several liability in respect of any portion of the tax deficiency.  Accordingly, we discuss in

---

[7] Rev. Proc. 2013-34, supra, relaxed the timely filing requirements of Rev. Proc. 2003-61, supra.  As respondent concedes that petitioner satisfied the more restrictive timely filing requirements of the earlier revenue procedure, he has necessarily satisfied the more liberal one of the current revenue procedure.

turn whether petitioner is entitled to relief from joint and several liability in respect of each portion of the tax deficiency.

1. Partial Relief for Portion of Tax Deficiency Attributable to Unreported Income of Nonrequesting Spouse

When the threshold conditions have been satisfied, the Commissioner will ordinarily grant relief with respect to an underpayment of tax if the requesting spouse meets each of the so-called streamlined requirements set forth in Rev. Proc. 2013-34, sec. 4.02.[8] Petitioner does not satisfy all of the streamlined requirements: As discussed above, petitioner knew at the time that the return was signed that intervenor received income in 2009 from The Salesman, Inc., by delivering newspapers, and he learned within a few days thereafter that the return did not include that income. Therefore, petitioner is not entitled to relief from joint and several liability under the so-called streamlined provisions of Rev. Proc. 2013-34, sec. 4.02.

---

[8] Rev. Proc. 2013-34, sec. 4.02, 2013-43 I.R.B. at 400, permits relief if all of the following requirements are satisfied: (1) On the date the Service makes a determination, the requesting spouse is no longer married to the nonrequesting spouse; (2) on the date the requesting spouse reasonably believed the joint return was filed, the requesting spouse did not know or have reason to know of the item giving rise to the understatement; and (3) the requesting spouse would suffer economic hardship if relief were not granted.

Where, as here, a requesting spouse fulfills the threshold requirements of Rev. Proc. 2013-34, sec. 4.01, but fails to qualify for relief under Rev. Proc. 2013-34, sec. 4.02, the Commissioner may nevertheless consider criteria set forth in Rev. Proc. 2013-34, sec. 4.03, and grant spousal relief under section 6015(f).  In determining whether it is inequitable to hold the requesting spouse liable for all or part of the unpaid income tax deficiency, and whether full or partial equitable relief under section 6015(f) should be granted, all the facts and circumstances of the case are taken into account.  Id. sec. 4.03(2).  In evaluating a claim for relief, no one factor or a majority of factors necessarily determines the outcome.  Id.  The degree of importance of each factor varies depending on the requesting spouse's facts and circumstances.  Id.

Rev. Proc. 2013-34, sec. 4.03(2), provides a list of nonexclusive factors that the Commissioner may weigh in making his determination relating to innocent spouse relief, including:  (1) Whether the requesting spouse is separated or divorced from the nonrequesting spouse; (2) whether the requesting spouse would suffer economic hardship if relief is not granted; (3) in understatement cases whether, on the date the requesting spouse signed the joint return, the requesting spouse did not have knowledge or reason to know of the item giving rise to the deficiency; (4) whether the nonrequesting spouse has a legal obligation to pay the

tax liability pursuant to a decree of divorce or other agreement; (5) whether the requesting spouse received a significant benefit from the item giving rise to the deficiency; (6) whether the requesting spouse has made a good-faith effort to comply with the Federal income tax laws for the taxable years following the taxable year to which the request for relief; and (7) whether the requesting spouse was in poor mental or physical health at the time he signed the return or requested relief.

At the time petitioner filed for innocent spouse relief, he and intervenor were divorced. This factor weighs in favor of relief.

Petitioner earns approximately $24,000 per year between his Social Security disability benefits and income from part-time employment, and he supports his current wife and his stepdaughter. Petitioner would suffer economic hardship if relief is not granted. This factor weighs in favor of relief.

As discussed above, petitioner knew at the time that the return was signed that intervenor received income in 2009 from The Salesman, Inc., by delivering newspapers and he learned within a few days thereafter that the return did not include that income. This factor weighs against relief.

Intervenor does not have a legal obligation to pay the tax liability pursuant to a decree of divorce or other agreement. This factor is neutral.

Petitioner did not receive significant benefit (or arguably any benefit) from the item giving rise to the deficiency because the refund money was deposited into bank accounts held in intervenor's name only over which petitioner had no authority; moreover, at the time that the refund money was deposited, petitioner and intervenor were only a couple of months away from a divorce proceeding. This factor weighs in favor of relief.[9]

The record does not indicate whether petitioner has attempted to comply with Federal income tax laws after 2009. This factor is neutral.

Finally, petitioner suffers from COPD and emphysema, with his lungs functioning at 14% capacity. These conditions were present in 2009 and have continued to the date of trial. These conditions affect petitioner's ability to find full-time employment. This factor weighs in favor of relief.

After considering and weighing all the factors, we find it would be inequitable to hold petitioner liable for the 2009 tax liability that is attributable to intervenor's unreported income from The Salesman, Inc. Accordingly, petitioner

---

[9] Although the amount of the tax deficiency in the instant case might be viewed as modest in an absolute sense, it was not modest relative to the financial circumstances of either petitioner or intervenor. Accordingly, and in view of all of the facts and circumstances, and particularly those highlighted in the text, we regard the significant benefit factor as weighing in favor of relief rather than as neutral. See Rev. Proc. 2013-34, sec. 4.03(2)(e), 2013-43 I.R.B. at 402.

is entitled to partial relief pursuant to section 6015(f) for 2009 for the portion of the tax liability attributable to intervenor's unreported income.

### 2. Partial Relief for Portion of Tax Deficiency Attributable to Unreported Income of Requesting Spouse

As stated above, respondent contends that petitioner fails the seventh threshold requirement (namely, that the tax liability from which the requesting spouse seeks relief is attributable to an item of the nonrequesting spouse) set forth in Rev. Proc. 2013-34, sec. 4.01, for relief from joint and several liability in respect of the tax deficiency attributable to petitioner's unreported income from his IRA distributions. It is thus petitioner's burden to establish that he meets an exception to this threshold requirement. See Rule 142(a).

Petitioner appears to rely on the fraud exception in arguing that intervenor filed their 2009 joint return without his signature, knowledge, or consent. We disagree. We have already concluded that the 2009 joint return was a valid joint return. Further, petitioner did not prove that the omission of his income from the IRA distributions on the return was due to fraud by intervenor. Therefore, the fraud exception to the seventh threshold requirement for equitable relief set forth in Rev. Proc. 2013-34, sec. 4.01, is inapplicable. Petitioner has thus failed to satisfy the threshold conditions for equitable relief set forth in Rev. Proc. 2013-34,

supra. Accordingly, petitioner is not entitled to equitable relief under section 6015(f) for the portion of the tax deficiency attributable to his own unreported income.

## Conclusion

We have considered all of the substantive issues regarding petitioner's entitlement to relief from joint and several liability under section 6015. To the extent that we have not specifically addressed any argument made by the parties, we conclude that it is irrelevant, moot, or without merit.

To reflect the foregoing, and in order to give effect to the stipulation of settled issues between petitioner and respondent regarding the partial relief to which petitioner is entitled,

Decision will be entered

under Rule 155.