**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-59

UNITED STATES TAX COURT

DONALD THOMAS SALZER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5676-13S.                    Filed June 24, 2014.

Donald Thomas Salzer, pro se.

Rebecca M. Clark, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax for 2008 and 2009:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2008 | $33,906.00 | $2,598.53 | $2,425.29 | $291.32 |
| 2009 | 32,533.00 | 2,501.33 | 1,667.55 | 209.20 |

After concessions by the parties,[2] the issues for decision are as follows:

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2008 and 2009, the taxable years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner concedes or is deemed to concede all income adjustments in the notices of deficiency.  See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); see also McNeil v. Commissioner, T.C. Memo. 2011-150, 2011 WL 2559802, at *1 n.3 (issues not raised at trial (or on brief) are deemed conceded), aff'd per curiam, 451 Fed. Appx. 622 (8th Cir. 2012)).  In addition, petitioner does not claim any itemized deductions.
Respondent concedes that for each of the years in issue petitioner is entitled to (1) an exemption for his wife, (2) dependency exemptions for two qualifying children, and (3) a child tax credit for those children (subject to the income limitation and credit phaseout prescribed by sec. 24(b)).  Also, respondent acknowledges, consistent with the notices of deficiency, that petitioner is entitled to withholding credits of $22,357 for 2008 and $21,416 for 2009 as offsets against the determined deficiencies.  See sec. 6211(b)(1).

(1) whether petitioner is entitled to joint filing status.  We hold that he is not; and

(2) whether petitioner is liable for additions to tax for failure to timely file, for failure to timely pay, and for failure to pay estimated tax.  We hold that he is, subject to, and in amounts to be determined by, the parties' Rule 155 computations.

Background

None of the facts were stipulated.

Petitioner resided in the State of Michigan at the time that the petition was filed with the Court.

Petitioner and his wife were married in 1985 and remained married through the date of trial.  During 2008 and 2009, the taxable years in issue, petitioner and his wife, together with their two minor children, lived together as a family.

Petitioner was employed in 2008 and 2009 and earned $143,323 and $141,223, respectively.  In 2008 petitioner also received a taxable refund of State or local income tax of $157.

Petitioner's wife was not employed in 2008 and 2009, nor did she have any gross income in either of those years.

Petitioner and his wife filed a joint income tax return for each of the years from 1985 through 2007.[3]  However, for 2008 and 2009 petitioner's wife refused to sign any return because, in petitioner's words: "[M]y wife would not sign any forms from the federal government starting in that year * * * [because] * * * she has had issues with the federal government ever since the activity that happened in the summer of 2008 with President Bush, and she refuses to sign any forms however related to the government."[4]

Petitioner did not file a separate return for 2008 or 2009, nor did he pay any tax (other than through withholding) or any estimated tax for either of those years.

Upon examination respondent prepared substitutes for return (SFRs) for petitioner for 2008 and 2009 and subsequently determined deficiencies and additions to tax on the basis of the SFRs.  In so doing respondent assigned petitioner the filing status of married filing separately and allowed (1) the standard deduction corresponding to that filing status and (2) one personal exemption.

---

[3] On their 2007 return petitioner and his wife reported a tax liability of $19,316 and claimed withholding of $20,691.

[4] Petitioner's wife also refused to file joint returns for years after those in issue.

## Discussion

### I. Petitioner's Filing Status

Petitioner is a married individual who lived with his wife and minor children at all relevant times. See sec. 7703 (regarding determination of marital status). Accordingly, petitioner was obliged to compute his tax for 2008 and 2009 using either the rates applicable to married individuals filing jointly, see sec. 1(a)(1), or the rates applicable to married individuals filing separately, see sec. 1(d). Joint return rates are much more advantageous.

Joint return rates apply only if a married individual files a return jointly with his or her spouse under section 6013. Sec. 1(a)(1). With exceptions not applicable herein, section 6013(a) provides that a husband and wife may file a return jointly even though one of the spouses has neither gross income nor deductions. See sec. 1.6013-1(a), Income Tax Regs. To file jointly, however, both spouses must intend to do so. E.g., Harrington v. Commissioner, T.C. Memo. 2012-285, at *8.

Petitioner did not file a return for either 2008 or 2009. Necessarily, therefore, he did not file a joint return.

Petitioner contends that he would have filed joint returns for the years in issue had it not been for his wife's refusal to do so. Petitioner also contends that it

would be "illogical" to pay tax as a married person filing separately given his history of filing joint returns from 1985 through 2007. However, as the U.S. Supreme Court instructs, we give effect to what actually happened and not what might have happened. Don E. Williams Co. v. Commissioner, 429 U.S. 569, 579 (1977) (quoting Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974)).

However much one might sympathize with petitioner, who faces much higher tax liabilities than those that would otherwise be required, the fact remains that joint filing status cannot be imputed. Taxpayers can secure such status only by filing a joint return. Respondent's determination is therefore sustained.

II. Additions to Tax

For each of the two years in issue, respondent prepared an SFR that satisfied the requirements of section 6020(b), see Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008), and subsequently determined on the basis of the SFRs additions to tax under section 6651(a)(1) for failure to timely file, under section 6651(a)(2) for failure to timely pay tax, and under section 6654(a) for failure to pay estimated tax.

At trial respondent introduced evidence demonstrating that each addition to tax was appropriate, see sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438,

446-447 (2001), either because petitioner was obliged to file income tax returns for 2008 and 2009, <u>see</u> sec. 6012(a)(1), but failed to do so, or because he paid no tax (other than through withholding), or because he paid no estimated income tax despite having an apparent obligation to do so, <u>see</u> sec. 6654(d)(1). Petitioner is therefore obliged to adduce evidence sufficient to show that respondent erred in these determinations. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447.

Petitioner did not address the additions to tax at trial other than inferentially by alleging that "correctly calculated tax would be a refund" if joint filing status were allowed for the years in issue. However, as discussed above, we have sustained respondent's determination that petitioner's filing status for 2008 and 2009 is married filing separately. In addition, petitioner's wife's refusal to file joint returns does not constitute reasonable cause for his failure to timely file or his failure to timely pay or otherwise excuse him from liability.[5]

Notwithstanding the foregoing, respondent's concessions, <u>see</u> <u>supra</u> note 2, will at the very least serve to reduce the amount of each addition to tax and may

---

[5] The additions to tax under sec. 6651(a)(1) and (2) do not apply if the failure to timely file and the failure to timely pay were due to reasonable cause and not due to willful neglect. Exceptions to the sec. 6654 addition to tax are more restrictive. <u>See, e.g.</u>, sec. 6654(e)(3)(B). At trial petitioner did not show that any exception under sec. 6654(e) applies or that the addition to tax is otherwise inapplicable.

possibly provide a basis for an exception, <u>see, e.g.</u>, sec. 6654(e)(1) (providing that there shall be no addition under section 6654(a) if the tax for the year, reduced by the taxpayer's withholding, is less than $1,000). Accordingly, the parties shall determine these matters as part of their Rule 155 computations.

Conclusion

To give effect to our disposition of the foregoing issues, as well as the parties' concessions, <u>see</u> <u>supra</u> note 2,

<u>Decision will be entered under</u>

<u>Rule 155</u>.