**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARI F. DEIHL,

　　　　　　Petitioner - Appellant,

　v.

COMMISSIONER OF INTERNAL REVENUE,

　　　　　　Respondent - Appellee.

No. 12-74169

T.C. No. 12937-06

MEMORANDUM[*]

Appeal from the Decisions of the
United States Tax Court

Submitted February 9, 2015[**]
San Francisco, California

Before: NOONAN, Senior Circuit Judge, SILVERMAN, Circuit Judge, and HUCK, Senior District Judge.[***]

---

[*]　　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　　The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Appellant Sari Deihl appeals the Tax Court's denial of her petition for relief from unpaid taxes and penalties.[1] Appellant argued that she was entitled to relief under the Internal Revenue Code's innocent spouse provisions. The Tax Court found Appellant's and her son's testimony not credible, and consequently denied the petition. We affirm.

Appellant contended that she was entitled to innocent spouse relief under three provisions of the Internal Revenue Code. First, under 26 U.S.C. § 6015(f) and Rev. Proc. 2003-61[2] § 4.03(7)(d), the Commissioner of Internal Revenue ("Commissioner") may relieve a spouse of her share of the tax liability arising from a jointly filed return,

---

[1] This appeal follows more than a decade of protracted litigation over Appellant's and her now-deceased husband's tax liability. In fact, the decision on appeal in this case followed the Tax Court's third trial, over seven years, on the Deihls' various claims for tax relief. *See Deihl v. Comm'r*, 90 T.C.M. (CCH) 579 (2005) (holding that the Deihls were not entitled to business-expense deductions for their jointly owned corporations, a gross income reduction for one corporation, and a reduction in adjusted gross income for purported duplicate reporting); *Deihl v. Comm'r*, 134 T.C. 156 (2010) (holding that *res judicata* barred Appellant from claiming innocent spouse relief under 26 U.S.C. §§ 6015(b) and (f) for 1996, but not did not bar Appellant from raising a claim for relief under section 6015(c) for 1996, or under sections 6015(b), (c), and (d) for 1997, 1998, and 1999); *Deihl v. Comm'r*, 103 T.C.M. (CCH) 1935 (2012) (holding that Appellant was not entitled to innocent spouse relief).

[2] Rev. Proc. 2003-61 has been superseded by Rev. Proc. 2013-34, which "gives greater deference to the presence of abuse." *See* Rev. Proc. 2013-34 § 3.01. Given the lengthy history of this case, and the absence of relevant guidance in the Procedures on which version should apply, the Tax Court applied Rev. Proc. 2003-61, but noted that Rev. Proc. 2013-34 would not have changed its decision. Neither party has argued that the Tax Court erred in applying 2003-61 or that a different Procedure applies on appeal.

if the spouse establishes that she did not question her spouse's tax reporting for fear of domestic abuse. Appellant alleged that her now-deceased husband, Joseph Deihl, had abused her, and that therefore she should not be liable for tax deficiencies arising from the couple's jointly filed returns. Second, under 26 U.S.C. § 6015(f) and Rev. Proc. 2003-61 § 4.03(7)(b), a spouse is not liable for taxes arising from assets of which she is a mere "nominal owner." Similarly, under 26 U.S.C. § 6015(c) and 26 C.F.R. 1.6015-3(d)(2)(iv), a spouse may escape joint and several liability for a tax deficiency by presenting "clear and convincing evidence supporting a different allocation." Appellant argued that she was entitled to relief under both section 6015(c) and section 6015(f) based on her claim that Mr. Deihl controlled all aspects of the corporations' business and excluded her from any meaningful financial or managerial decisions.

A taxpayer's entitlement to innocent spouse relief "often turns on credibility, which is best tested in the crucible of trial . . . ." *Wilson v. Comm'r*, 705 F.3d 980, 993 (9th Cir. 2013). Here, Appellant's only evidence in support of her petition was her and her son's testimony, and the Tax Court's denial of Appellant's petition rested on its finding of fact that this testimony lacked credibility. Appellant asserts that the Tax Court erred, because she and her son provided uncontradicted testimony that

3

Appellant's now-deceased husband had abused Appellant throughout their marriage, and excluded Appellant from business decisions. In light of the considerable discretion we afford to the Tax Court's findings of fact, Appellant's argument is unavailing.

The Tax Court's decision to deny Appellant's petition rested on its determination, as the finder of fact, that Appellant's and her son's testimony was self-interested and unsubstantiated, and therefore, not credible. Such findings of fact and credibility determinations are reviewed for clear error, which exists only "when the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'" *Milenbach v. Comm'r*, 318 F.3d 924, 930 (9th Cir. 2003) (citing *Gonzalez-Caballero v. Mena*, 251 F.3d 789, 792 (9th Cir. 2001)). On the record before us, we cannot say that a mistake has been committed. Appellant did not substantiate her claims of abuse with disinterested third-party testimony[3] or

---

[3] Appellant contends that her son, William Deihl, corroborated her testimony. The Tax Court, however, noted that William Deihl had a likely financial interest in the outcome of this litigation as an employee of a successor corporation to those giving rise to Appellant's tax liability, as a recipient of property from Appellant, and as Appellant's son. Appellant asserts that the Tax Court's finding on William Deihl's personal interest in the litigation was based on "incorrect and unsubstantiated facts," but fails to identify any evidence contradicting the Tax Court's conclusion.

4

documentary evidence.[4]  Further, Appellant's contention that she played no meaningful role in her husband's business decisions was inconsistent with record evidence showing that she drew a salary from the couple's business, planned and hosted business events, wrote corporate checks, and presented herself to the public as a co-founder and CEO.

Appellant contends that the Tax Court was bound to accept her testimony of abuse because the Commissioner did not directly contradict it.  In fact, to the contrary, the Tax Court, like any other trial court, has no obligation to credit the uncontradicted testimony of interested parties.  *See Wood v. Comm'r*, 338 F.2d 602, 605 (9th Cir. 1964) ("We know of no rule that uncontradicted testimony must be accepted by a court finding the facts, particularly where, as here, the testimony is given by interested parties.").  Indeed, the Seventh Circuit decision in *Lerch v. Commissioner*—which Appellant cites to support her claim that uncontradicted testimony must be

---

[4] Though Tax Court decisions are not binding on this Court, we note that the Tax Court has consistently denied petitions for innocent spouse relief predicated on abuse, where the requesting spouse presented no independent, corroborating evidence of abuse. *See Nihiser v. Comm'r*, 95 T.C.M. (CCH) 1531 at *9 (2008) (collecting cases) (noting that because "requesting spouses, in trying to escape financial liability, may easily exaggerate the level of [] abuse," and because of the "obvious incentive to vilify the nonrequesting spouse," the Tax Court construes section 6015(f) to require "substantiation, or least specificity, in allegations of abuse").  Our sister circuits have affirmed such rulings. *See, e.g., Haggerty v. Comm'r*, 505 F. App'x 335, 341 (5th Cir. 2013) (holding that "[t]he Tax Court did not err in concluding that Ms. Haggerty failed to carry her burden in proving abuse: Ms. Haggerty was the only witness at trial and she did not testify about the verbal abuse with any specificity . . . .").

5

accepted—stated that a Tax Court judge need not credit "improbable, unreasonable, or questionable" testimony, even if that testimony is uncontradicted. 877 F.2d 624, 631 (7th Cir. 1989) (citations omitted). *Lerch* then affirmed a Tax Court decision which, like the decision on review here, denied relief based on the Tax Court's finding that a petitioner's unsubstantiated testimony lacked credibility. *Id.* at 631–33.

Given the fact that Appellant did not substantiate her allegations of abuse, and that record evidence indicated that Appellant was active in the business operations giving rise to her tax liability, the Tax Court did not clearly err in denying Appellant's petition for innocent spouse relief.

**AFFIRMED.**