T.C. Summary Opinion 2015-44

UNITED STATES TAX COURT

JACQUELINE THOMAS MINIX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12721-13S.                    Filed August 3, 2015.

Jacqueline Thomas Minix, pro se.

<u>John K. Parchman</u>, for respondent.

SUMMARY OPINION

PUGH, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986 as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The sole issue before the Court is whether petitioner is entitled to innocent spouse relief under section 6015. Respondent denied petitioner's request for relief relating to a deficiency from her 2007 taxable year. We find that petitioner is not entitled to relief under section 6015(b), (c), or (f).

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Louisiana at the time her petition was filed.

On June 24, 2006, petitioner married Gerald Butler. Petitioner and Mr. Butler jointly filed their 2007 Federal income tax return, which was prepared by Jules Simeon at Simeon Quick Tax Service. At trial petitioner did not recall signing the 2007 return or any details about its preparation and did not believe she had filed it. Petitioner also offered evidence regarding ongoing health problems and medications that impaired her memory and focus.

The Schedule C, Profit or Loss From Business, of the 2007 return identifies Azalea Services, LLC (Azalea), as a clothing store and identifies petitioner as the proprietor. Petitioner also is shown as the registered agent and officer of Azalea

with the Louisiana secretary of state. Petitioner testified at trial that Mr. Butler, not she, was the owner although she could provide no details regarding why she was identified as the owner rather than Mr. Butler. Petitioner also testified that she knew it was a clothing store and that she went to the store but that she did not work there.

On or about March 28, 2008, petitioner and Mr. Butler separated. On August 15, 2011, they obtained a final divorce.

Petitioner filed her 2008 Federal income tax return as head of household and included losses from Azalea on her Schedule C. Liberty Tax Service prepared petitioner's 2008 return. Although petitioner had no memory of this return either, she acknowledged her signature.

Petitioner testified that in 2007 Mr. Butler had threatened her with a firearm and that she had reported this incident to the police. She did not have a copy of the police report. On August 18, 2008, petitioner requested a temporary restraining order against Mr. Butler. On September 25, 2008, Mr. Butler was escorted by the sheriff to retrieve his personal belongings from the home he shared with petitioner.

On July 7, 2010, respondent issued to petitioner and Mr. Butler a notice of deficiency disallowing the deductions claimed on the 2007 Schedule C for Azalea.

Neither petitioner nor Mr. Butler challenged the notice of deficiency by petitioning the Court.

On November 17, 2011, respondent received petitioner's Form 8857, Request for Innocent Spouse Relief, for the 2007 Federal tax liability. On the Form 8857 she stated that she "[did] not know" in response to: (1) whether she signed the return and (2) whether she was involved with the household finances and the preparation of the return. Petitioner also indicated that she was a victim of spousal abuse or domestic violence during the 2007 tax year.

In its determination on March 7, 2013, the Internal Revenue Service Office of Appeals denied petitioner's request for innocent spouse relief because: (1) the understatement of Federal tax liability was attributable to petitioner's Schedule C business deductions and (2) she failed to show that it would be unfair to hold her responsible.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Upon electing to file jointly, each spouse is jointly and severally liable for the entire tax due for that year. Sec. 6013(d)(3). In certain circumstances, however, a spouse who filed a joint return may seek relief from joint and several liability under the procedures in section 6015.

Section 6015(a) allows a spouse to seek relief from joint and several liability under subsection (b) or, if eligible, to allocate the liability according to provisions set forth in subsection (c). If a taxpayer does not qualify for relief under either subsection (b) or (c), the taxpayer may be eligible for equitable relief under subsection (f).

Except as otherwise provided in section 6015, the taxpayer bears the burden of proving that he or she is entitled to section 6015 relief. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

The Court applies a de novo scope and standard of review to a taxpayer's request for innocent spouse relief. Porter v. Commissioner, 132 T.C. 203, 210 (2009).

A. Relief Under Section 6015(b)

Section 6015(b) requires a taxpayer seeking relief from joint and several liability to satisfy five conditions: (1) a joint return was filed for the taxable year, (2) there is an understatement of tax attributable to erroneous items of the taxpayer's spouse, (3) the taxpayer establishes that in signing the return, he or she did not know, and had no reason to know, that there was an understatement, (4) taking into account all facts and circumstances, it would be inequitable to hold the

taxpayer liable for the deficiency in tax for the taxable year attributable to the understatement, and (5) the taxpayer timely elects relief under section 6015(b). These conditions are stated in the conjunctive, and the taxpayer must satisfy all five in order to be awarded relief. See Alt v. Commissioner, 119 T.C. at 313.

Generally, an erroneous item is attributed to the individual whose activities gave rise to the item. Sec. 1.6015-1(f)(1), Income Tax Regs. In deciding attribution of erroneous items, the Court has attributed items to the spouse who wrongfully reported or claimed the item on the return. See Kellam v. Commissioner, T.C. Memo. 2013-186. The understatement of tax is attributable to the erroneous items arising from Azalea and reported on the 2007 Schedule C. The 2007 Schedule C shows petitioner as the proprietor of Azalea, and the records of the Louisiana secretary of state show petitioner as the registered agent and officer. Petitioner also reported losses from Azalea on her 2008 return.

Therefore, petitioner must show, among other things, that the erroneous items giving rise to the understatement of tax are attributable solely to Mr. Butler, as, absent an explanation, the erroneous items are attributable to her. At trial petitioner testified that Mr. Butler, not she, owned the business. But petitioner was unable to explain to the Court why she then reported a loss from Azalea on her 2008 return, which she filed as head of household after she and Mr. Butler

separated. As with the 2007 return, petitioner could not remember filing the 2008 return or the circumstances of its preparation, but she did acknowledge her signature on the 2008 return and did not disavow filing it.

Aside from her testimony petitioner did not offer any documentation or other credible evidence showing that Mr. Butler was the owner of Azalea in 2007. In the face of her 2008 return and her failed memory and despite her poor health, we are unable to credit her testimony about the ownership of Azalea. Given her lack of memory we would need something more concrete to reject the documentary evidence that contradicts her testimony. See Hudgins v. Commissioner, T.C. Memo. 2012-260, at *22 ("[I]n evaluating a requesting spouse's claim * * * we are under no obligation to accept self-serving, uncorroborated testimony."); see also Tokarski v. Commissioner, 87 T.C. 74, 77 (1986) (rejecting taxpayer's self-serving testimony without corroborative evidence).

## B. Relief Under Section 6015(c)

Under section 6015(c), a divorced or separated spouse may elect to limit liability for a deficiency on a joint return to the portion allocable to him or her under subsection (d).

A requesting spouse can make a valid election only if: (1) the requesting spouse is no longer married to, is not part of the same household as, or is legally separated from, his or her spouse; (2) the requesting spouse makes a timely election; and (3) the Secretary does not demonstrate that the requesting spouse had actual knowledge at the time the requesting spouse signed the return of an item giving rise to a deficiency. Sec. 6015(c)(3)(A), (B), and (C); see Cheshire v. Commissioner, 115 T.C. 183, 194-195 (2000), aff'd, 282 F.3d 326, 332-334 (5th Cir. 2002); Stergios v. Commissioner, T.C. Memo. 2009-15.

Petitioner and Mr. Butler were divorced at the time she submitted her claim for spousal relief, and respondent does not dispute that her election for relief was timely. Respondent argues, however, that she does not qualify for relief under section 6015(c) because the deficiency was attributable to her business (Azalea) and therefore she had actual knowledge of the items giving rise to the deficiency.

The Commissioner must demonstrate actual knowledge by a preponderance of the evidence. Culver v. Commissioner, 116 T.C. 189, 196 (2001). The actual knowledge standard is narrower than the "reason to know" standard applied under section 6015(b) and (f). McDaniel v. Commissioner, T.C. Memo. 2009-137. Proving actual knowledge requires the Commissioner to show that the individual making the election had "actual knowledge of the factual circumstances which

made the item unallowable as a deduction." King v. Commissioner, 116 T.C. 198, 204 (2001); sec. 1.6015-3(c)(2), Income Tax Regs. Proving actual knowledge of the tax laws or legal consequences is not required. Hopkins v. Commissioner, 121 T.C. 73, 86 (2003). In determining actual knowledge, joint ownership is a factor supporting a finding that the requesting spouse had actual knowledge of an erroneous deduction. See sec. 1.6015-3(c)(2)(iv), Income Tax Regs.

Petitioner is not entitled to relief under section 6015(c) for the same reason that she is not entitled to relief under subsection (b). We cannot credit petitioner's testimony that she did not own and knew nothing about Azalea in the face of her 2008 Federal income tax return, filed as head of household, on which she claimed tax benefits from Azalea.

She cannot disavow ownership for purposes of her 2007 return with no explanation for her 2008 return position. The most reasonable inference, on the basis of the objective evidence before us, is that petitioner did have some actual knowledge of the items from Azalea giving rise to the understatement of tax liability for 2007. Therefore she is not entitled to relief under section 6015(c).

C. Relief Under Section 6015(f)

A spouse may be entitled to equitable relief under section 6015(f) if she is not eligible for relief under subsection (b) or (c). Under subsection (f), the

Secretary is directed to prescribe procedures to aid in administering the statute. These procedures, set forth in Rev. Proc. 2013-34, 2013-43 I.R.B. 397, outline seven threshold conditions that must be satisfied for the Internal Revenue Service to grant relief under section 6015(f). Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400. We consider these factors in the light of the particular facts and circumstances, but we are not bound by them. See Molinet v. Commissioner, T.C. Memo. 2014-109.

Because of the straightforward nature of the record we need not address all the threshold conditions, circumstances, and factors listed. Instead we focus only on the seventh threshold condition, which requires that "[t]he income tax liability from which the requesting spouse seeks relief * * * [be] attributable (either in full or in part) to an item of the nonrequesting spouse or an underpayment resulting from the nonrequesting spouse's income" unless a specific exception applies.

The Commissioner may consider granting relief regardless of whether the underpayment is attributable to the requesting spouse if any of the following exceptions applies: (1) attribution is solely due to operation of community property law; (2) nominal ownership; (3) misappropriation of funds; (4) abuse; or (5) fraud committed by the nonrequesting spouse. See Rev. Proc. 2013-34, sec. 4.01(7). On these facts we need focus only on abuse. (As to nominal ownership,

as explained above, we do not credit petitioner's disavowal of any ownership interest in the face of her 2008 return position and her failed memory.)

Rev. Proc. 2013-34, sec. 4.03(2)(c)(iv), 2013-43 I.R.B. at 402, states that "[a]buse comes in many forms and can include physical, psychological, sexual, or emotional abuse, including efforts to control, isolate, humiliate, and intimidate the requesting spouse, or to undermine the requesting spouse's ability to reason independently and be able to do what is required under the tax laws."

We take all facts and circumstances into account in determining the presence of abuse. Id. sec. 4.01. A requesting spouse must establish: (1) that she was the victim of abuse before the return was filed, and (2) that, as a result of that abuse, she was not able to challenge the treatment of any items on the return or was not able to question the payment of any balance due reported on the return, for fear of the nonrequesting spouse's retaliation. Id. sec. 4.01(7)(d).

On her Form 8857 petitioner indicated that she was a victim of spousal abuse or domestic violence during the 2007 tax year. Petitioner testified that in 2007 Mr. Butler threatened her with a firearm and that she reported this incident to the police.

The record also shows that on August 21, 2008, petitioner requested and was granted a temporary restraining order against Mr. Butler and that on

September 25, 2008, the sheriff escorted Mr. Butler to retrieve his belongings from the house shared with petitioner.

The Court does not dispute the circumstances of petitioner's marriage; however, to support relief under section 6015(f), claims of abuse require substantiation or at least specificity with regard to the allegations. See, e.g., Deihl v. Commissioner, T.C. Memo. 2012-176 (holding that the taxpayer was not entitled to relief under section 6015(f) when her testimony was not credible and she failed to substantiate alleged abuse with a police or medical report), aff'd, 603 Fed. Appx. 527 (9th Cir. 2015). Petitioner did not link the 2007 threats or actions giving rise to the 2008 restraining order to the 2007 return, nor did she provide enough details to allow the Court to do so. Petitioner did not show that as a result of abuse she was not able to challenge the treatment of any items on the return for fear of Mr. Butler's retaliation. Instead of claiming that abuse affected her ability to challenge the treatment of items on the 2007 return, petitioner testified she did not recall filing the 2007 return because of poor health and believed she did not do so. More importantly, petitioner claimed tax losses of Azalea on her 2008 return filed in 2009, after the restraining order was in place against Mr. Butler.

Therefore, petitioner has failed to meet her burden of proving that abuse affected her 2007 return position.[2]

On the basis of our examination of the record before us and the parties' arguments at trial, we find petitioner is not entitled to relief under section 6015(b),(c), or (f) for 2007.

In reaching our holding, we have considered all arguments made and evidence offered, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.

---

[2] Because petitioner failed to meet the threshold requirements under Rev. Proc. 2013-34, 2013-43 I.R.B. 397, we need not address:  (1) whether she is entitled to a streamlined determination of equitable relief under sec. 4.02 or (2) whether she is entitled to be considered for relief under the equitable factors in sec. 4.03.  See id., 2013-43 I.R.B. at 400-403.