T.C. Memo. 2019-88

UNITED STATES TAX COURT

BRIGETTE OGDEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12280-16.                                      Filed July 15, 2019.

P and her ex-husband made joint returns of income for years 1 and 2. On the year 1 return, the couple failed to report P's taxable Social Security payment. On the year 2 return, they reported P's taxable Social Security payment, but they failed to pay the resulting tax.

<u>Held</u>: Because P did not establish that she requested innocent spouse relief from joint and several liability within two years from R's commencing collection activities, she has failed to show that she qualifies for innocent spouse relief under I.R.C. sec. 6015(b) or (c).

<u>Held</u>, <u>further</u>, P has not shown that she qualifies for equitable relief under I.R.C. sec. 6015(f) beyond the amount R previously granted for year 2. The liability from which she seeks relief is attributable to her income and she has failed to show that because of prior abuse and fear of her ex-husband's retaliation, she was not able to challenge the exclusion of the income from the year 1 return and

**[*2]**  was not able to question the payment of the balance due reported on the year 2 return.

Brigette Ogden, pro se.

Gretchen W. Altenburger, John R. Gordon, and Brandon A. Keim, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  This case arises from petitioner's request for section 6015 relief from joint and several liability for Federal income tax for taxable (calendar) years 2008 and 2010 (years in issue).  The Internal Revenue Service (IRS) Office of Appeals (Appeals) denied her request for 2008 and granted partial relief for 2010.  In response, petitioner brought this action.  See sec. 6015(e)(1)(A).[1]  We have jurisdiction to determine any appropriate relief available to her.  See id.  Petitioner bears the burden of proof.  See Rule 142(a), Tax Court Rules of Practice and Procedure.

---

[1]Section references are to the Internal Revenue Code in effect at all relevant times unless otherwise indicated.

**[*3]** For the reasons explained below, we conclude that petitioner is not entitled to any additional relief.

FINDINGS OF FACT

The parties have stipulated certain facts and the authenticity of certain documents. The facts stipulated are so found, and documents stipulated are accepted as authentic.

Petitioner resided in Arizona when she filed the petition.

Petitioner's Marriage

Petitioner married Lonnie Ogden in 1991. Their marriage experienced difficulties, and petitioner alleges that she was the victim of spousal abuse. In 2007, the Ogdens separated and began living apart. They were divorced in 2011.

Petitioner's Illness and Disability

In 2003 petitioner fell ill, and her illness continues. Petitioner sought disabled status with the Social Security Administration (SSA) and was formally classified as disabled in 2008. In 2008, on account of that classification, she received $36,083 from the SSA. In 2010, she received a taxable payment of $10,297 from the SSA.

**[*4]** The Ogdens' Tax Returns

Although separated, the Ogdens made joint returns of income tax for 2008 and 2010.  For both years, Mr. Ogden largely handled preparing the returns, with petitioner's involvement limited to providing relevant documentation and signing the returns.  They did not on their 2008 return report the $36,083 SSA payment to petitioner as an item of gross income but subsequently agreed with respondent that it should have been included.  The resulting additional tax was $6,308.  Their 2010 return (reporting the year's taxable SSA payment) was accepted as filed but was not accompanied by full payment of the tax due.  The Ogdens underpaid their 2010 tax by $5,328.

Petitioner's Divorce

In 2011, the Superior Court of the State of Arizona for Maricopa County formally dissolved the Ogdens' marriage.  Under the terms of their divorce agreement, Mr. Ogden agreed to assume all Federal and State tax liabilities of the parties for all taxable years through 2010.

Petitioner's Request for Innocent Spouse Relief

On October 15, 2014, petitioner filed Form 8857, Request for Innocent Spouse Relief, with respondent, requesting relief from joint and several liability for the years in issue.  In March 2016, Appeals made a final determination denying

[*5] her relief for 2008 and granting her partial equitable relief for 2010. Petitioner's remaining tax liability for 2008 is $6,308, and for 2010 it is $327. For each year, the liability is attributable to Social Security payments she received from the SSA. Petitioner contests Appeals' determinations for both years. She argues both that she is entitled to relief under section 6015 and that a provision of the divorce agreement absolves her of liability.[2]

OPINION

I.     Introduction

As a general rule, spouses making a joint Federal income tax return are jointly and severally liable for all tax shown on the return or found to be owing. See sec. 6013(d)(3). In some situations, however, a joint return filer can avoid joint and several liability by qualifying for relief under section 6015. That section offers three types of relief: (1) elective relief under section 6015(b) from liability for an understatement attributable to "erroneous items" of the other spouse of which the electing spouse was unaware, (2) apportionment of liability under section 6015(c) for divorced or separated taxpayers, and (3) equitable relief under section 6015(f) when relief is unavailable under either section 6015(b) or (c).

---

[2]Enforcement of the terms of petitioner's divorce is a civil matter which has no impact on her tax liability to the IRS.

**[\*6] II.**      Section 6015(b) and (c) Relief

Among other things, relief under section 6015(b) or (c) requires a request for relief to be made not later than two years from the date on which the Secretary begins collection action.  See sec. 6015(b)(1)(E), (c)(3)(B).

Petitioner has failed to prove that she satisfies the statutory requirements for relief under section 6015(b) and (c) for 2008 and 2010 because she has failed to show that she filed her request for relief less than two years after the commencement of collection action by the Secretary.  Therefore, petitioner's sole avenue for relief is the provision for equitable relief under section 6015(f).

III.    Section 6015(f) Relief

In accord with the provision that relief is to be granted under section 6015(f) following "procedures prescribed by the Secretary," the Commissioner has issued a series of revenue procedures to guide in the determination of whether a taxpayer is entitled under section 6015(f) to relief from joint and several liability. The most recent of those, Rev. Proc. 2013-34, 2013-43 I.R.B. 397, lists factors that IRS employees should consider.  We routinely consult the factors listed in the applicable revenue procedure when reviewing the IRS' determination not to provide relief.  See Pullins v. Commissioner, 136 T.C. at 439.

**[\*7]**   Rev. Proc. 2013-34, sec. 4.01, 2013-43 I.R.B. at 399, lists seven threshold conditions that must be met for a requesting spouse to be eligible for equitable relief under section 6015(f).  Among these is the requirement that the income from which the tax liability arises be attributable (in full or in part) to the nonrequesting spouse.  See Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400.  This requirement is subject to five exceptions, including one for abuse.[3]  See id.

Specifically, the exception for abuse applies where the requesting spouse establishes that (1) she was a victim of abuse, and (2) because of that abuse, and for fear of the nonrequesting spouse's retaliation, she was unable to challenge the treatment of any items on the joint return or to question the payment of any amount due.  See id. sec. 4.01(7)(d), 2013-43 I.R.B. at 400.  If the abuse does not contribute to the manner in which the joint filers prepared their tax return, the exception does not apply.  See Gaitan v. Commissioner, T.C. Memo. 2012-3, 2012 WL 10801, at \*10.  For the purposes of this exception, abuse is not limited to verifiable physical abuse but also includes forms of psychological abuse.  See Nihiser v. Commissioner, T.C. Memo. 2008-135, 2008 WL 2120983, at \*9.  Furthermore, in order to invoke the exception for abuse, the requesting spouse

---

[3]The other four exceptions are not implicated in the present case, nor are they specifically asserted by petitioner.

**[*8]** must provide substantiation or specificity regarding the alleged abuse. See

Deihl v. Commissioner, T.C. Memo. 2012-176, 2012 WL 2361518, at *12, aff'd,

603 F. App'x 527 (9th Cir. 2015).

In the present case, Appeals' final determination of petitioner's tax liabilities

for 2008 and 2010 are, respectively, $6,308 and $327. Those amounts owed are

attributable to Social Security payments of $36,083 and $10,297 that petitioner

received in 2008 and 2010. Because these liabilities arise from income

attributable to petitioner, the requesting spouse, rather than to Mr. Ogden, the

nonrequesting spouse, the threshold requirement under Rev. Proc. 2013-34, sec.

4.01(7)(d), is not satisfied.

Although there is an abuse exception to this threshold requirement, we

conclude that the exception does not apply to petitioner for either 2008 or 2010.

We address the years separately.

With respect to 2008, petitioner has not met her burden of demonstrating

that she was in fact a victim of abuse and that, because of that abuse, she was

prevented from challenging the treatment of her Social Security payments on the

joint return she filed with Mr. Ogden. By the time the 2008 return was filed in

2009, petitioner and Mr. Ogden were separated and living apart. There is no

documentation provided by petitioner's physicians or mental health care provider,

**[*9]** nor a law enforcement entity, attesting to either physical or psychological abuse suffered by petitioner at the hands of Mr. Ogden. No witnesses testified to the alleged abuse suffered by petitioner. Petitioner's own allegations of abuse are vague and generalized. Nevertheless, even assuming petitioner was a victim of abuse and demonstrated that with the requisite substantiation or specificity, petitioner was apparently unaware that the SSA payment was taxable. Therefore, the abuse had no role in the omission of her Social Security payment in the joint return filed for 2008.

With respect to 2010, petitioner's Social Security payment was properly reported in the joint return. Because it was properly reported, there was no item on the return for petitioner to challenge. Nor is there evidence that, for fear of retaliation by Mr. Ogden, she was unable to question the nonpayment of the balance due on that return.

Because petitioner has failed to demonstrate that the abuse exception applies, we conclude that she does not satisfy the threshold requirement under Rev. Proc. 2013-34, sec. 4.01(7). Consequently, she is entitled to no further equitable relief under section 6015(f) for 2008 and 2010.

**[*10]** IV.    <u>Conclusion</u>

Petitioner is not entitled to any additional relief under section 6015 and remains jointly and severally liable for tax assessed for 2008 and 2010.

<u>Decision will be entered for</u>

<u>respondent</u>.