# United States Tax Court

T.C. Summary Opinion 2024-6

BRETT STEVAN JURRIES AND SHERISE JULIE BRUCE,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 2786-20S.                    Filed May 22, 2024.

_____

*Christopher S. Crago*, Anna Strach (student), and Jared Troy (student), for petitioner Brett Stevan Jurries.

Sherise Julie Bruce, pro se.

*Gregory M. Hahn*, *Chi-Yun Lee*, *Brooks W. Lindberg*, and *Patsy A. Clarke*, for respondent.

SUMMARY OPINION

PUGH, *Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated November 8, 2019, the Internal Revenue Service (IRS or respondent) determined a deficiency of $6,317

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

and a section 6662 accuracy-related penalty of $1,263, for tax year 2016 (year in issue). The IRS later conceded the penalty. Petitioners do not dispute the deficiency amount.

After the Petition was filed, Mr. Jurries requested from the IRS relief from joint and several liability from the deficiency under section 6015. The IRS granted him proportionate relief under section 6015(c), allocating the one item giving rise to the deficiency as if petitioners had filed separate returns. *See* § 6015(d)(3)(A). We must decide whether he is entitled to further relief under section 6015. For the reasons stated below, we hold that he is not.

*Background*

The following background is derived from the pleadings, administrative record, trial testimony, and stipulated facts and documents admitted into evidence.[2] Mr. Jurries resided in Washington and Ms. Bruce resided in Idaho when their Petition was timely filed.

I.    *Petitioners' Background*

Mr. Jurries has a high school education and was a General Manager-Driver at Carroll Naslund Disposal, Inc. (Naslund), during the year in issue. Naslund provided Mr. Jurries with a vehicle for work and paid all expenses for the vehicle. Ms. Bruce has a college education and was employed by the State of Idaho as an Environmental Health Specialist during the year in issue.

After 20 years of marriage Mr. Jurries and Ms. Bruce divorced in November 2017. While married, they jointly filed Forms 1040, U.S. Individual Income Tax Return. In earlier years they prepared their joint returns together. In later years Mr. Jurries provided his Forms W–2, Wage and Tax Statement, to Ms. Bruce, and she prepared and filed their joint returns using TurboTax.

II.   *Tax Return and Examination*

When Ms. Bruce prepared the couple's 2016 joint return in early 2017, they lived apart. Nonetheless, as in prior years Mr. Jurries

---

[2] Posttrial answering briefs were due January 12, 2024. Respondent missed this deadline and on January 30, 2024, filed a Motion for Leave to File Out of Time Simultaneous Answering Brief and lodged his Posttrial Answering Brief. We will deny the Motion and will not consider any new facts or arguments raised in respondent's Answering Brief. *See* Rule 151(b).

provided his 2016 Form W–2 to Ms. Bruce, and she electronically filed the 2016 joint return via TurboTax. Ms. Bruce did not show the 2016 joint return to Mr. Jurries before filing it or provide him a copy immediately after. Nor did Mr. Jurries ask Ms. Bruce to show him the 2016 joint return before she filed it or attempt to log into their TurboTax account to review it although he knew he could have done either.

On the 2016 joint return, petitioners deducted $42,181 as unreimbursed employee business expenses related largely to the Naslund vehicle. On Form 2106, Employee Business Expenses, attached to their 2016 joint return, they attributed $15,318 of the expenses to Ms. Bruce and the remaining $26,863 to Mr. Jurries. The IRS issued a refund of $12,500 for the year in issue, and Ms. Bruce deposited part of it into Mr. Jurries's checking account.[3]

The IRS audited petitioners' 2016 joint return and disallowed the deduction for unreimbursed employee business expenses. After receiving the notice of deficiency, Mr. Jurries requested from Ms. Bruce a copy of the 2016 joint return. He later submitted to the IRS Form 8857, Request for Innocent Spouse Relief. Following a review, the IRS granted Mr. Jurries relief under section 6015(c), allocating the unreimbursed employee business expenses as if petitioners had filed separate returns. With leave of the Court, Mr. Jurries amended the Petition to assert section 6015 as an affirmative defense as to his portion of the deficiency.

*Discussion*

I.     *Jurisdiction and Legal Background*

We have jurisdiction in this deficiency case to determine whether Mr. Jurries is entitled to relief from joint and several liability beyond what he has already received. *See* § 6213(a); *Maier v. Commissioner*, 119 T.C. 267, 270 (2002), *aff'd*, 360 F.3d 361 (2d Cir. 2004). We review his request for relief de novo.[4] *See Porter v. Commissioner*, 132 T.C. 203, 210

---

[3] In his request for section 6015 relief, Mr. Jurries stated he received a portion of the $12,500 refund claimed on their 2016 joint return (stating in a declaration the amount was "approximately $5,626.25") whereas Ms. Bruce claims that he received "half." Relevant to our analysis is not whether Mr. Jurries received half but rather that he received, and admitted receiving, a portion.

[4] If section 6015(e)(7) applies, an issue we need not decide, our scope of review would be limited to "(A) the administrative record established at the time of the determination, and (B) any additional newly discovered or previously unavailable evidence." The parties stipulated the administrative record, and the trial testimony

(2009), *superseded in part by statute*, Taxpayer First Act, Pub. L. No. 116-25, § 1203, 133 Stat. 981, 988 (2019). Mr. Jurries, as the requesting spouse, bears the burden of proof. *See* Rule 142(a); *Alt v. Commissioner*, 119 T.C. 306, 311 (2002), *aff'd*, 101 F. App'x 34 (6th Cir. 2004).

Generally, married taxpayers may elect to file a joint federal income tax return. § 6013(a). After making this election, each spouse is generally jointly and severally liable for the entire tax due for that taxable year. § 6013(d)(3); *see Porter*, 132 T.C. at 206. In certain circumstances, a spouse may seek relief from joint and several liability under the procedures set forth in section 6015. A requesting spouse may seek relief under section 6015(b) or, if eligible, may seek proportionate relief under section 6015(c). § 6015(a). Subject to certain limitations, if relief is not available under subsection (b) or (c), a requesting spouse may be entitled to equitable relief under subsection (f) if "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)." § 6015(f).

## II.    *Applicability of Section 6015(b) and (c)*

The parties agree that Mr. Jurries is not eligible for section 6015(b) relief and is eligible for section 6015(c) proportionate relief.[5] In general section 6015(c) provides relief from joint and several liability in that it allocates a deficiency on a joint return between the individuals per section 6015(d). Section 6015(d)(3)(A) provides the general rule that an item giving rise to a deficiency on a joint return is allocated as if the individuals filed separate returns for the taxable year.

---

was "unavailable evidence" at the time of the administrative proceeding. *See Thomas v. Commissioner*, No. 12982-20, 162 T.C., slip. op. at 11–12 (Jan. 30, 2024) (first citing *Freman v. Commissioner*, T.C. Memo. 2023-10, at *10; and then citing *Sleeth v. Commissioner*, T.C. Memo. 2019-138, at *3, *aff'd*, 991 F.3d 1201 (11th Cir. 2021)). Thus, applying section 6015(e)(7) would not change our analysis.

[5] At trial, Mr. Jurries sought relief under section 6015(f) only and conceded his ineligibility for section 6015(b) (or additional relief under section 6015(c)) but in his posttrial brief resurrects claims under section 6015(b) and (c). Because he expressly agreed at trial that he disputed only whether section 6015(f) applied, we will not allow him on brief to resurrect issues that he explicitly stated were not at issue. Even without the concession, his claim for section 6015(b) relief is meritless: (1) petitioners' 2016 joint return contains erroneous items of both individuals, (2) Mr. Jurries had reason to know of the understatement, and (3) holding him liable for the erroneous item is not inequitable; he kept part of the refund. *See* § 6015(b)(1)(B), (C), and (D).

Section 6015(d)(3)(C), an exception to that general rule, provides: "The Secretary may provide for an allocation of any item in a manner not prescribed by subparagraph (A) if the Secretary establishes that such allocation is appropriate due to fraud of one or both individuals." Mr. Jurries contends that the IRS should have allocated to Ms. Bruce all of the unreimbursed employee business expenses due to fraud. As explained below, we find no fraud in this case.

III.  *Relief Under Section 6015(f)*

Not satisfied with proportionate relief under section 6015(c), Mr. Jurries contends that he should get equitable relief under section 6015(f) for the portion of the unreimbursed employee business expenses allocable to him.

The Commissioner has outlined procedures for determining whether a requesting spouse qualifies for equitable relief under section 6015(f) from joint and several liability. *See* Rev. Proc. 2013-34, § 4.01, 2013-43 I.R.B. 397, 399–400. We consult these procedures when reviewing the Commissioner's denial of relief, but we are not bound by them as our analysis and conclusion ultimately turn on an evaluation of all the facts and circumstances. *See Pullins v. Commissioner*, 136 T.C. 432, 438–39 (2011).

Rev. Proc. 2013-34, § 4.01, outlines seven threshold conditions that a requesting spouse must meet to qualify for relief under section 6015(f): (1) the requesting spouse filed a joint return for the taxable year for which relief is sought; (2) relief is not available to the requesting spouse under section 6015(b) or (c); (3) the claim for relief is timely filed; (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent joint return; and (7) absent certain enumerated exceptions (including fraud by the nonrequesting spouse), the tax liability from which the requesting spouse seeks relief is attributable to an item of the nonrequesting spouse or an underpayment resulting from the nonrequesting spouse's income. These conditions are stated in the conjunctive; thus, a requesting spouse must satisfy all seven before relief may be granted. *Jones v. Commissioner*, T.C. Memo. 2019-139, at *14 (citing *Hunter v. Commissioner*, T.C. Memo. 2016-164, at *13), *aff'd*, No. 20-70013, 2022 WL 327473 (9th Cir. Feb. 3, 2022).

Among these threshold conditions, the second and the seventh are disputed. With respect to the second condition, respondent argues that section 6015(c) relief is available, and Mr. Jurries therefore is precluded from seeking relief under section 6015(f). Mr. Jurries counters that he satisfies this condition because he did not receive "full relief" under section 6015(c), nor did he receive relief under section 6015(b). We agree with Mr. Jurries. Where a taxpayer has received proportionate relief under section 6015(c), we may consider him for equitable relief under section 6015(f) for the portion of the deficiency allocated to him. *See Hopkins v. Commissioner*, 121 T.C. 73, 87 (2003); *Deihl v. Commissioner*, T.C. Memo. 2012-176, 2012 WL 2361518, at *6 ("If complete relief is not available under subsection (b) or (c) . . . a spouse may request equitable relief under section 6015(f)."), *aff'd*, 603 F. App'x 527 (9th Cir. 2015); *Rowe v. Commissioner*, T.C. Memo. 2001-325, 2001 WL 1659287, at *21–23 (considering the taxpayer for equitable relief under section 6015(f) for items giving rise to the deficiencies allocable to her). We therefore find that the second condition has been satisfied with respect to the portion of the deficiency allocated to Mr. Jurries.

As to the seventh condition, citing Rev. Proc. 2013-34, § 4.01(7)(e), Mr. Jurries contends the fraud exception applies to his portion of the deficiency. Rev. Proc. 2013-34, § 4.01(7)(e), permits equitable relief for the portion of the liability attributable to the requesting spouse when fraud committed by the nonrequesting spouse is the reason for the erroneous item. Rev. Proc. 2013-34, § 4.01(7)(e), does not define "fraud." But Treasury Regulation § 1.6015-1(d) states that "a fraudulent scheme includes a scheme to defraud the Service or another third party." The "badges of fraud" demonstrate an intent to misrepresent, conceal, or hide information. *See Spies v. United States*, 317 U.S. 492, 499 (1943); *Recklitis v. Commissioner*, 91 T.C. 874, 909–10 (1988).

Mr. Jurries has not established fraud in this case. Ms. Bruce did not hide or conceal the return from Mr. Jurries. He could have accessed the TurboTax account and reviewed the 2016 joint return. He chose not to and cannot claim fraud now to avoid the consequences of his disinterest. Section 6015 does not protect a spouse who turns a blind eye to facts readily available to him. *Smaaland v. Commissioner*, T.C. Memo. 2017-31, at *12 (citing *Charlton v. Commissioner*, 114 T.C. 333, 340 (2000)).

Perhaps most damaging is the evidence in the record that Ms. Bruce deposited a portion of the refund from their 2016 joint return into Mr. Jurries's checking account. Mr. Jurries testified at trial that he

knew they could not deduct the expenses disallowed by the IRS because Naslund owned the vehicle and paid its expenses. He received and kept part of the refund arising from the disallowed deduction. While the math might not work precisely, he has not explained how it would be equitable for him to keep all of the refund he received and leave Ms. Bruce to pay his share of the deficiency back. Nor did he suggest that he should bear the liability for the share of the refund he received attributable to the disallowed deduction. We conclude Mr. Jurries has failed to establish fraud in this case and does not satisfy the threshold requirements set forth in Rev. Proc. 2013-34, § 4.01.

In sum, Mr. Jurries is not entitled to any further relief under section 6015. He therefore is liable for $3,742 of the $6,317 deficiency for the year in issue. We have considered all arguments made and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*